# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 03/04/2022 10:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
Case 2:22-cv-02528-DSF-SK   Document 1-1   Filed 04/14/22   Page 2 of 60   Page ID #:5
22STCV07903

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA, N.A.; and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YI AND YI CO., LTD., a California corporation; CHUNCHAO ZHOU

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
22STCV07903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack Cheng (SBN 271259)
Law Offices of Cheng & Associates
405 S. San Gabriel Blvd., #E, San Gabriel, CA 91176 (626) 872-0016

DATE: 03/04/2022
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by R. Clifton, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Bank of America, N.A.**
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 03/04/2022 10:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
Case 2:22-cv-02528-DSF-SK   Document 1   Filed 04/14/22   Page 3 of 11   Page ID #:6
22STCV07903
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

Jack Cheng (State Bar #271259)
Kenneth Tanji, Jr (State Bar #162273)
Susan M. Freedman, Esq. (SBN 137079)
LAW OFFICES OF CHENG & ASSOCIATES
405 S. San Gabriel Blvd., Suite #E
San Gabriel, CA 91776
Phone: (626) 872-0016
infochenglaw@gmail.com

Attorneys for Plaintiffs,
YI AND YI CO., LTD.; CHUNCHAO ZHOU

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| YI AND YI CO., LTD., a California corporation; CHUNCHAO ZHOU, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A.; and DOES 1 to 50, inclusive; <br><br> Defendants. | Case Number 22STCV07903 <br><br> COMPLAINT |

1

COMPLAINT

GENERAL ALLEGATIONS

Plaintiff, YI AND YI CO., LTD. and CHUNCHAO ZHOU ("Plaintiffs"), alleges as follows:

1. Plaintiff, YI AND YI CO., LTD. ("YI AND YI"), is and was at all times relevant to this action, a corporation organized under the laws of California with its principal place of business in Los Angeles, California.

2. Plaintiff, CHUNCHAO ZHOU ("ZHOU"), is and was at all times relevant to this action, an individual residing in Los Angeles County, California.

3. Plaintiff is informed and believes, and on that basis allege that Defendant, BANK OF AMERICA, N.A. ("BANK OF AMERICA"), is, and at all times relevant to this action was, a National Banking Association with its principal place of business in Charlotte, North Carolina. BANK OF AMERICA does business throughout California, including in the County of Los Angeles, and provided banking services related to the subject matter of this Complaint.

4. Plaintiff is unaware of the true names, capacities, or basis of liability of DOES 1 to 50, inclusive, and therefore sues said Defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names, capacities, or basis for liability when the same has been ascertained.

5. Venue in this Court is proper because the bank accounts and banking services that are the subject of this action were located in the County of Los Angeles, California.

**GENERAL ALLEGATIONS**

6. YI and YI is in the wholesale handbag business. ZHOU is an officer and shareholder of YI and YI.

7. In October 2021, Plaintiffs became aware that payments from 3 of YI and YI's customers that were in due in September-October 2021 had not been received. After inquiring about the past due payments, Plaintiffs were informed that the 3 customers had sent payments in

2

the total amount of $86,491.60 by checks to the YI and YI company address. However, YI and YI personnel never received the payments.

8. After investigation by Plaintiffs, it was determined that numerous checks from the 3 customers to YI and YI were cashed or endorsed at accounts at BANK OF AMERICA from September 2021 to at least October 2021 – however Plaintiffs do not have an account at BANK OF AMERICA.

9. Plaintiffs reported the theft of its revenue to the Los Angeles Police Department. Plaintiffs opened a fraud inquiry with BANK OF AMERICA. From the fraud inquiry, it was determined that someone had, without Plaintiffs' authorization, opened accounts at BANK OF AMERICA. It appears someone had stolen or used, without authorization, YI and YI's registration papers and opened at least 3 BANK OF AMERICA accounts in the name of Plaintiffs. BANK OF AMERICA did not inform Plaintiffs how the accounts were opened and other information regarding the fraudulent accounts.

10. As a result of the fraud inquiry, BANK OF AMERICA acknowledged, at least in part, that Plaintiffs did not open the BANK OF AMERICA accounts. It is unclear to Plaintiffs if BANK OF AMERICA closed the fraudulent accounts. In any event, BANK OF AMERICA has not compensated or reimbursed Plaintiffs for the money lost from the aforementioned fraudulently endorsed checks.

## FIRST CAUSE OF ACTION

### (Conversion – California Commercial Code §3420 against BANK OF AMERICA)

11. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 10 inclusive as if fully set forth herein.

12. At all times alleged, Plaintiffs were the owner of, and remains entitled to possession of, monies totaling $86,491.60.

3

13. From September 2021 to at least October 2021, numerous checks payable to Y1 and Y1 in the total amount of $86,491.60 with fraudulent and forged endorsements were deposited in BANK OF AMERCIA accounts that were not opened by Plaintiffs.

14. As the collecting bank for the aforementioned checks, BANK OF AMERICA is strictly liable for the conversion by deposit or payment based on a forged endorsement on a check pursuant to California Commercial Code §3420.

15. As a resulting of the conversion by BANK OF AMERCIA, Plaintiffs have been damaged in the amount of $86,491.60.

## SECOND CAUSE OF ACTION

### (Negligence – Commercial Code §3103

### against BANK OF AMERICA)

16. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 15 inclusive as if fully set forth herein.

17. As a bank in California subject to numerous regulations, BANK OF AMERICA owes a duty of care, statutory and otherwise, to payees such as Plaintiffs in that BANK OF AMERICA must observe, exercise, and act in accordance with reasonable commercial standards of the banking business as stated in the California Commercial Code and otherwise.

18. BANK OF AMERICA breached its duty of care to Plaintiff by failing to exercise ordinary and reasonable care regarding the unauthorized and fraudulent opening of accounts in Plaintiffs' name and in authorizing deposit of the aforementioned checks with fraudulent and forged endorsements because the transactions were suspicious on their face because the person attempting to negotiate the checks was not the payee, i.e. Plaintiffs.

19. The aforementioned negligence and breach of duty by BANK OF AMERICA was a substantial factor in causing injury and damage to Plaintiffs as herein alleged.

20. As an actual and proximate result of the negligent acts by BANK OF AMERICA as herein described, Plaintiff has suffered injuries and damages in an amount subject to proof but believed to be at least $86,491.60.

### THIRD CAUSE OF ACTION

### (Negligence – Commercial Code §3405

### against BANK OF AMERICA)

21. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 20 inclusive as if fully set forth herein.

22. BANK OF AMERICA owes a duty of care to Plaintiff pursuant to California Commercial Code §3405 to investigate possible misappropriation based upon the circumstances surrounding the negotiation and transfer of instruments payable to Plaintiff, including checks, when such instruments are fraudulently indorsed by an employee or independent contractor with responsibility as defined by Commercial Code §3405.

23. BANK OF AMERICA breached its duty of care to Plaintiff by failing to exercise ordinary and reasonable care regarding the unauthorized and fraudulent opening of accounts in Plaintiffs' name and in authorizing deposit of the aforementioned checks with fraudulent and forged indorsements that BANK OF AMERICA should have realized were fraudulent and forged indorsements. Such breach of duty of care occurred from September 2021 to at least October 2021 when an "employee" of YI and YI with "responsibility" as defined by Commercial Code §3405 made such a fraudulent and forged endorsement and BANK OF AMERICA paid such instrument or took it for value or for collection.

24. The aforementioned negligence and breach of duty by BANK OF AMERICA was a substantial factor in causing injury and damage to Plaintiffs as herein alleged.

25. As an actual and proximate result of the negligent acts by BANK OF AMERICA as herein described, Plaintiff has suffered injuries and damages in an amount subject to proof but believed to be at least $86,491.60.

## FOURTH CAUSE OF ACTION

### (Conversion against Doe Defendants 1-10)

26. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 25 inclusive as if fully set forth herein.

27. Since on or about September 2021, Doe Defendants 1 to 10 converted money that was being sent to Plaintiffs by opening accounts, without authorization, at BANK OF AMERICA in Plaintiffs' name; stealing mail from Y1 and Y1; and cashing checks made payable to Y1 and Y1 for their own benefit.

28. As a result, Doe Defendants 1 to 10 were able to wrongfully accept checks issued to Plaintiff and deposit it in Doe Defendants 1 to 10's accounts; make withdrawals from the unauthorized BANK OF AMERICA checking accounts; and conduct other unauthorized actions that are currently unknown to Plaintiffs.

29. As a result of Doe Defendants 1 to 10's aforementioned wrongful acts, at least $86,491.60 of Plaintiffs' monies were diverted to Doe Defendants 1 to 10 or spent by Doe Defendants 1 to 10.

30. Doe Defendants' conduct as set forth herein, was malicious, willful and done with an improper motive and purpose and with the intent to economically injure Plaintiffs. Therefore, Plaintiffs are entitled to recover punitive damages in an amount to be determined.

## FIFTH CAUSE OF ACTION

### (Conspiracy against Doe Defendants 1 to 10)

31. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 30 inclusive as if fully set forth herein.

32. Since on or about September 2021, Doe Defendants 1 to 10 entered into an agreement and/or understanding wherein they conspired to steal money from Plaintiffs by opening accounts, without authorization, at BANK OF AMERICA in Plaintiffs' name; stealing mail from YI and YI; and cashing checks made payable to YI and YI for their own benefit.

33. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered damages in an amount subject to proof but believed to be at least $86,491.60.

## PRAYER

WHEREFORE, Plaintiffs pray:

1. For damages in an amount to be proven at trial but at least $86,491.60.
2. For prejudgment interest in an amount to be proven at trial.
3. For punitive damages against the Defendants in the First Cause of Action for Conversion;
4. For costs of suit and such other relief that the Court considers just and proper.

Dated: March 4, 2022

LAW OFFICES OF CHENG & ASSOCIATES

/s/ Jack Cheng

_____
JACK CHENG
Attorneys for Plaintiffs, YI AND YI CO., LTD.; CHUNCHAO ZHOU

7

COMPLAINT

Electronically Filed by Superior Court of California, County of Los Angeles on 03/04/2022 10:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
Case 2:22-cv-02526-DSF-SK Document 1 Filed 04/14/22 Page 10 of 11 Page ID #:13
22STCV07903
CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Jack Cheng (SBN 271259);Kenneth Tanji, Jr. (SBN 162273) <br> Law Offices of Cheng & Associates <br> 405 S. San Gabriel Blvd., Suite E <br> San Gabriel, CA 91776 <br> TELEPHONE NO.: (626) 872-0016   FAX NO.: <br> ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME: YI AND YI CO., LTD. v. BANK OF AMERICA, N.A.

| **CIVIL CASE COVER SHEET** <br> ☒ Unlimited  ☐ Limited <br> (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | **Complex Case Designation** <br> ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> 22STCV07903 <br> JUDGE: <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☒ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 4 (conversion, negligence)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 4, 2022

Jack Cheng                                                      ▶ /s/ Jack Cheng
(TYPE OR PRINT NAME)                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36) Other
    Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition